Stephen Quesenberry (Utah SBA #8073)
Stephen Quesenberry, LLC
197 East 100 North, Suite A
Payson, UT 84651
Phone: 801-885-2872
Email: steve@kittsgroup.com
*Pro Hac Vice* application pending

James W. Christian (Texas SBA #04228700)
Christian Smith & Jewell
2302 Fannin Street, Suite 500
Houston, Texas 77002
Phone: 713-659-7617
Fax: 713-659-7641
Email: jchristian@csj-law.com

*Counsel for Relator*

**ORIGINAL SEALED**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2020 AUG 25 PM 3:03
DEPUTY CLERK _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. BRYAN QUESENBERRY,<br><br>Plaintiff,<br><br>vs.<br><br>ALL STAR MANAGEMENT ENTERPRISE SERVICES; ALPHA SOLUTIONS USA, LLC; AUTOBAHN TRANSPORT SERVICES, LLC; BEST PRESS, INC.; CAPITALIZE CONSULTING, LLC; CHOICE BUSINESS GROUP, LLC; EMPIRE ROOFING, INC.; ERP LOGIC, LLC; KSJ TAX SERVICE; MESQUITE NH SNF, LLC; NETOMD HOLDINGS, INC.; PEYTON RESOURCE GROUP, LP; ST. PIUS X CATHOLIC CHURCH; SUNRISE FARMS; TEXAS PROFAB CORPORATION; 2017 CLEVELAND SPRINGFIELD, LLC; A & K DELIVERY & ASSEMBLY, INC.; DELIRIOUS TRENDZ, LLC; EXPECARE, LLP; HARLOW AEROSTRUCTURES TEXAS, LLC; | **COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT**<br><br>(Filed in camera and under seal)<br>(DO NOT PLACE ON PACER)<br><br>**JURY TRIAL DEMANDED**<br><br>**3-20CV2507-E**<br><br><br><br><br>Case No. |

| | |
|---|---|
| HENRY'S WELDING, LLC; JJ & JJ REMODELING AND ROOFING, LLC; MEDICALISTICS, LLC; PROMPT COURIER & NOTARY SERVICE, INC.; SUMMIT ALLIANCE FINANCIAL, LLP; UNILAXY INTERNATIONAL, LLC; and VAUGHAN RAMSEY,<br><br>Defendants. | Judge |

Plaintiff-Relator Bryan Quesenberry, through counsel, on behalf of the United States of America (the "Government" or the "Federal Government") and against the above-named Defendants, alleges based upon personal knowledge, relevant documents, information, and belief, as follows.

## INTRODUCTION

1. This is an action to recover damages and civil penalties on behalf of the United States of America arising from false and/or fraudulent records, statements, and claims made and caused to be made by Defendants and/or their agents and employees, in violation of the federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.* (**"the FCA"**).

2. This action seeks to recover millions of federal dollars wrongfully loaned to Defendants through the Federal Government's Payroll Protection Program (**"PPP"**). The PPP provides a pathway to borrowers for forgiveness of these loans.

3. Pursuant to the PPP, the Federal Government has spent billions of dollars in stimulus funding, as well as other federal funding, to support and aid legitimate businesses through the coronavirus pandemic.

4. This action alleges that certain Defendants applied multiple times for PPP funds and received PPP funds multiple times despite the PPP application and rules prohibiting applicants from receiving PPP funds more than once.

2

5. This action also alleges that certain Defendants falsely represented to the Federal Government that they were operating on or before February 15, 2020, while concealing the true time of formation and status of their business operations. Said false representations violated material conditions of the PPP and resulted in financial stimulus aid sent to Defendants that should have gone to other entities properly entitled to said funds, and that may be forgiven under the PPP.

6. The FCA was enacted during the Civil War, and was substantially amended in 1986, and again in 2009 and 2010. Congress amended the FCA in 1986 to enhance the Federal Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud in federal programs was pervasive and that the FCA, which Congress characterized as a primary tool for combating government fraud, was in need of modernization. The amendments create incentives for individuals to come forward with information about fraud against the Federal Government without fear of reprisals or inaction, and enable the use of private legal resources to prosecute fraud claims on the Federal Government's behalf.

7. The FCA prohibits, *inter alia*: (1) knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval; and (2) knowingly making or using, or causing to be made or used, a false or fraudulent record or statement material to a false or fraudulent claim. 31 U.S.C. §§ 3729(a)(1)(A), (B). Any person who violates the FCA is liable for a civil penalty of up to $11,000 for each such claim, **plus three times the amount of the damages** sustained by the Government. 31 U.S.C. § 3729(a)(1)(A) (as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 [28 U.S.C. § 2461 note; Public Law 104-410]).

8. In 2009, Congress amended the FCA to clarify that a "claim" includes "any request or demand, whether under a contract or otherwise, for money or property and whether or

not the United States has title to the money or property that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest…" 31 U.S.C. § 3729(b)(2).

9. The FCA allows any person having information about an FCA violation to bring an action for himself and the Federal Government, and to share in any recovery. The FCA requires that the complaint be filed under seal for a minimum of 60 days (without service on Defendants during that time) to allow the Federal Government time to conduct its own investigation and to determine whether to join the suit.

10. Based on the foregoing laws, *qui tam* Plaintiff/Relator seeks through this action to recover all available damages, civil penalties, and other relief for the violations alleged herein in every jurisdiction to which Defendants' misconduct has extended.

## PARTIES

11. Plaintiff/Relator Bryan Quesenberry (**"Relator"**) is a resident of Utah. He brings this action on behalf of the United States of America, the real party in interest.

12. Defendant All Star Management Enterprise Services (**"All Star"**) is a Texas entity located in Irving, Texas. All Star applied for PPP funds twice, and was approved for $150,000 – $350,000 on 4/30/2020 and approved for another $350,000 - $1 million on 5/3/2020. Upon information and belief, this entity received these funds.

13. Defendant Alpha Solutions USA, LLC (**"Alpha"**) is a Texas entity located in Addison, Texas. Alpha applied for PPP funds twice, and was approved for $350,000 - $1 million on 4/29/2020 and approved for another $350,000 - $1 million on 5/3/2020. Upon information and belief, this entity received these funds.

14. Defendant Autobahn Transport Services, LLC (**"Autobahn"**) is a Texas entity located in Rowlett, Texas. Autobahn applied for PPP funds twice, and was approved for $350,000 - $1 million on 5/21/2020 and approved for another $150,000 - $350,000 on 5/28/2020. Upon information and belief, this entity received these funds.

15. Defendant Best Press, Inc. (**"Best Press"**) is a Texas entity located in Addison, Texas. Best Press applied for PPP funds twice, and was approved for $1 - 2 million on 4/13/2020 and approved for another $350,000 - $1 million on 6/30/2020. Upon information and belief, this entity received these funds.

16. Defendant Capitalize Consulting, LLC (**"Capitalize Consulting"**) is a Texas entity located in Dallas, Texas. Capitalize Consulting applied for PPP funds twice, and was approved for $350,000 - $1 million on 5/3/2020 and approved for another $350,000 - $1 million on 5/3/2020. Upon information and belief, this entity received these funds.

17. Defendant Choice Business Group, LLC (**"Choice Business"**) is a Texas entity located in Arlington, Texas. Choice Business applied for PPP funds twice, and was approved for $350,000 - $1 million on 6/8/2020 and approved for another $350,000 - $1 million on 6/15/2020. Upon information and belief, this entity received these funds.

18. Defendant Empire Roofing, Inc. (**"Empire"**) is a Texas entity located in Fort Worth, Texas. Empire applied for PPP funds twice, and was approved for $2 - 5 million on 4/7/2020 and approved for another $150,000 - $350,000 on 4/9/2020. Upon information and belief, this entity received these funds.

19. Defendant ERP Logic, LLC (**"ERP"**) is a Texas entity located in Coppell, Texas. ERP applied for PPP funds twice, and was approved for $350,000 - $1 million on 5/1/2020 and

approved for another $350,000 - $1 million on 5/3/2020. Upon information and belief, this entity received these funds.

20.     Defendant KSJ Tax Service (**"KSJ"**) is a Texas entity located in Hurst, Texas. KSJ applied for PPP funds twice, and was approved for $150,000 - $350,000 on 6/16/2020 and approved for another $150,000 - $350,000 on 6/23/2020. Upon information and belief, this entity received these funds.

21.     Defendant Mesquite NH SNF, LLC (**"Mesquite"**) is a Texas entity located in Mesquite, Texas. Mesquite applied for PPP funds twice, and was approved for $350,000 - $1 million on 5/4/2020 and approved for another $350,000 - $1 million on 6/30/2020. Upon information and belief, this entity received these funds.

22.     Defendant Netomd Holdings, Inc. (**"Netomd"**) is a Texas entity located in Irving, Texas. Netomd applied for PPP funds twice, and was approved for $150,000 - $350,000 on 5/19/2020 and approved for another $350,000 - $1 million on 6/30/2020. Upon information and belief, this entity received these funds.

23.     Defendant Peyton Resource Group, LP (**"Peyton"**) is a Texas entity located in Dallas, Texas. Peyton applied for PPP funds twice, and was approved for $2 - 5 million on 4/15/2020 and approved for another $350,000 - $1 million on 5/1/2020. Upon information and belief, this entity received these funds.

24.     Defendant St. Pius X Catholic Church (**"St. Pius"**) is a Texas entity located in Dallas, Texas. St. Pius applied for PPP funds twice, and was approved for $150,000 - $350,000 on 4/6/2020 and approved for another $150,000 - $350,000 on 4/6/2020. Upon information and belief, this entity received these funds.

25. Defendant Sunrise Farms (**"Sunrise Farms"**) is a Texas entity located in Dalhart and/or Nazareth, Texas. Sunrise Farms applied for PPP funds twice, and was approved for $150,000 - $350,000 on 4/5/2020 and approved for another $350,000 - $1 million on 4/13/2020. Upon information and belief, this entity received these funds.

26. Defendant Texas Profab Corporation (**"Texas Profab"**) is a Texas entity located in Carrollton, Texas. Texas Profab applied for PPP funds twice, and was approved for $150,000 - $350,000 on 4/27/2020 and approved for another $150,000 - $350,000 on 4/27/2020. Upon information and belief, this entity received these funds.

27. The following is a chart summarizing the foregoing entities that applied twice for funds – i.e. the "Double-Dipper" Defendants:

| AMOUNT | ENTITY | CITY | APPLICATION DATE |
|---|---|---|---|
| $150,000-$350,000 | All Star | Irving | 4/30/20 |
| $350,000-$1 million | All Star | Irving | 5/3/20 |
| | | | |
| $350,000-$1 million | Alpha | Addison | 4/29/20 |
| $350,000-$1 million | Alpha | Addison | 5/3/20 |
| | | | |
| $350,000-$1 million | Autobahn | Rowlett | 5/21/20 |
| $150,000-$350,000 | Autobahn | Rowlett | 5/28/20 |
| | | | |
| $1 – 2 million | Best Press | Addison | 4/13/20 |
| $350,000-$1 million | Best Press | Addison | 6/30/20 |
| | | | |
| $350,000-$1 million | Capitalize Consulting | Dallas | 5/3/20 |
| $350,000-$1 million | Capitalize Consulting | Dallas | 5/3/20 |
| | | | |
| $350,000-$1 million | Choice Business | Arlington | 6/8/20 |
| $350,000-$1 million | Choice Business | Arlington | 6/15/20 |
| | | | |
| $2 – 5 million | Empire | Fort Worth | 4/7/20 |
| $150,000-$350,000 | Empire | Fort Worth | 4/9/20 |
| | | | |
| $350,000-$1 million | ERP | Coppell | 5/1/20 |
| $350,000-$1 million | ERP | Coppell | 5/3/20 |
| | | | |

| | | | |
|---|---|---|---|
| $150,000-$350,000 | KSJ | Hurst | 6/16/20 |
| $150,000-$350,000 | KSJ | Hurst | 6/23/20 |
| | | | |
| $350,000-$1 million | Mesquite | Mesquite | 5/4/20 |
| $350,000-$1 million | Mesquite | Mesquite | 6/30/20 |
| | | | |
| $150,000-$350,000 | Netomd | Irving | 5/19/20 |
| $350,000-$1 million | Netomd | Irving | 6/30/20 |
| | | | |
| $2 – 5 million | Peyton | Dallas | 4/15/20 |
| $350,000-$1 million | Peyton | Dallas | 5/1/20 |
| | | | |
| $150,000-$350,000 | St. Pius | Dallas | 4/6/20 |
| $150,000-$350,000 | St. Pius | Dallas | 4/6/20 |
| | | | |
| $150,000-$350,000 | Sunrise Farms | Nazareth | 4/5/20 |
| $350,000-$1 million | Sunrise Farms | Dalhart | 4/13/20 |
| | | | |
| $150,000-$350,000 | Texas Profab | Carrollton | 4/27/20 |
| $150,000-$350,000 | Texas Profab | Carrollton | 4/27/20 |

28. Upon information and belief, the following Defendants registered as entities and began operations after 2/15/20 and yet still applied for and received PPP funds.

29. Defendant 2017 Cleveland Springfield, LLC **("2017 Cleveland")** is a Texas entity located in Coppell, Texas. 2017 Cleveland was registered in Texas on 5/18/2020. Upon information and belief, 2017 Cleveland applied for and received between $1 – 2 million in PPP funds.

30.     Defendant A & K Delivery & Assembly, Inc. **("A & K")** is a Texas entity located in Lubbock, Texas. A & K was registered in Texas on 4/9/2020. Upon information and belief, A & K applied for and received between $150,000 - $350,000 in PPP funds.

31.     Defendant Delirious Trendz **("Delirious")** is a Texas entity located in Fort Worth, Texas. Delirious was registered in Texas on 6/23/2020. Upon information and belief, Delirious applied for and received between $350,000 - $1 million in PPP funds.

32.     Defendant Expecare, LLP **("Expecare")** is a Texas entity located in Arlington, Texas. Expecare was registered in Texas on 5/13/2020. Upon information and belief, Expecare applied for and received between $150,000 - $350,000 in PPP funds.

33.     Defendant Harlow Aerostructures Texas, LLC **("Harlow")** is a Texas entity located in Mansfield, Texas. Harlow was registered in Texas on 4/13/2020. Upon information and belief, Harlow applied for and received between $1 – 2 million in PPP funds.

34.     Defendant Henry's Welding, LLC **("Henry's")** is a Texas entity located in Denver City, Texas. Henry's was registered in Texas on 2/26/2020. Upon information and belief, Henry's applied for and received between $150,000 - $350,000 in PPP funds.

35.     Defendant JJ & JJ Remodeling and Roofing, LLC **("JJ & JJ")** is a Texas entity located in Waxahachie, Texas. JJ & JJ was registered in Texas on 6/16/2020. Upon information and belief, JJ & JJ applied for and received between $150,000 - $350,000 in PPP funds.

36.     Defendant Medicalistics, LLC **("Medicalistics")** is a Texas entity located in Dallas, Texas. Medicalistics was registered in Texas on 2/26/2020. Upon information and belief, Medicalistics applied for and received between $150,000 - $350,000 in PPP funds.

37.     Defendant Prompt Courier & Notary Service, Inc. **("Prompt Courier")** is a Texas entity located in Sunnyvale, Texas. Prompt Courier was registered in Texas on 6/10/2020.

Upon information and belief, Prompt Courier applied for and received between $150,000 - $350,000 in PPP funds.

38. Defendant Summit Alliance Financial, LLP **("Summit Alliance")** is a Texas entity located in Dallas, Texas. Summit Alliance was registered in Texas on 4/9/2020. Upon information and belief, Summit Alliance applied for and received between $150,000 - $350,000 in PPP funds.

39. Defendant Unilaxy International, LLC **("Unilaxy")** is a Texas entity located in Coppell, Texas. Unilaxy was registered in Texas on 5/19/2020. Upon information and belief, Unilaxy applied for and received between $1 – 2 million in PPP funds.

40. Defendant Vaughan & Ramsey, PLLC **("Vaughan & Ramsey")** is a Texas entity located in Arlington, Texas. Vaughan & Ramsey was registered in Texas on 6/16/2020. Upon information and belief, Vaughan & Ramsey applied for and received between $150,000 - $350,000 in PPP funds.

41. The following is a chart summarizing the foregoing entities that applied for and received PPP funds and which were registered and began operations after 2/15/20:

| AMOUNT | ENTITY NAME | CITY | REGISTRATION DATE |
|---|---|---|---|
| $1 – 2 million | 2017 Cleveland | Coppell | 5/18/20 |
| $150,000-$350,000 | A & K | Lubbock | 4/9/20 |
| $350,000-$1 million | Delirious | Fort Worth | 6/23/20 |
| $150,000-$350,000 | Expecare | Arlington | 5/13/20 |
| $1 – 2 million | Harlow | Mansfield | 4/13/20 |
| $150,000-$350,000 | Henry's | Denver City | 2/26/20 |
| $150,000-$350,000 | JJ & JJ | Waxahachie | 6/16/20 |
| $150,000-$350,000 | Medicalistics | Dallas | 2/26/20 |
| $150,000-$350,000 | Prompt Courier | Sunnyvale | 6/10/20 |
| $150,000-$350,000 | Summit Alliance | Dallas | 4/9/20 |
| $1 – 2 million | Unilaxy | Coppell | 5/19/20 |
| $150,000-$350,000 | Vaughan & Ramsey | Arlington | 6/16/20 |

42. According to the PPP application discussed below, owners of Defendants include partners or members owning 20% or more equity in the company. Upon information and belief, and after further discovery in this matter, Relator anticipates he will need to amend this Complaint to add in such owners or representatives as co-defendants if they were complicit in the fraudulent misrepresentations listed herein.

## JURISDICTION AND VENUE

43. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730. Although this issue is no longer jurisdictional after the 2009 amendments to the FCA, to Realtor's knowledge there has been no statutorily relevant public disclosure of the "allegations or transactions" in this Complaint, as those concepts are used in 31 U.S.C. § 3730(e), as amended by Pub. L. No. 111-148, § 10104(j)(2), 124 Stat. 119, 901-02.

44. Moreover, whether or not such a disclosure has occurred, Relator would qualify as an "original source" of the information on which the allegations or transactions in this Complaint are based. Plaintiff researched and discovered through a records request the pertinent dates of formation and other related entity information of each Defendant.

45. This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process and because Defendants are Texas entities.

46. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b)-(c) and 31 U.S.C. § 3732(a) because Defendants can be found in and/or transacted business in this district, and because violations of 31 U.S.C. §§ 3729 *et seq.* alleged herein

occurred within this district. At all times relevant to this Complaint, Defendants regularly conducted substantial business within this district.

## THE PAYCHECK PROTECTION PROGRAM

47. Congress added sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act (**"CARES Act"**). Section 1102 contains a new program called the Paycheck Protection Program (**"PPP"**) and is party of the U.S. Small Business Administration's (**"SBA"**) 7(a) Loan Program. These two sections are intended to provide economic relief to small businesses nationwide adversely impacted by the coronavirus pandemic and the COVID-19 Emergency Declaration issued by President Trump on March 13, 2020.

48. Due to the COVID-19 emergency, many small businesses nationwide are experiencing economic hardship as a direct result of the Federal, State, and local public health measures that are being taken to minimize the public's exposure to the coronavirus.

49. The SBA received funding and authority through the CARES Act to modify existing loan programs and establish the new PPP loan program to assist small businesses nationwide adversely impacted by the coronavirus pandemic.

50. Section 1102 of the Act temporarily permits SBA to guarantee 100% of 7(a) loans under the PPP. Section 1106 of the CARES Act provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

51. The CARES Act was intended to provide relief to America's small businesses expeditiously.

52. The CARES Act gives lenders delegated authority to process loan applications for PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to determine eligibility of the borrower and use of loan proceeds, and to rely on specified

documents provided by the borrower to determine qualifying loan amount, and eligibility for loan forgiveness. Lenders are held harmless for borrowers' failures to comply with PPP rules.

53. One critical PPP rule is that the borrower be in operation on **February 15, 2020** and either have employees for whom it paid salaries and payroll taxes or paid independent contractors.

54. Borrowers had to submit documentation necessary to establish eligibility such as payroll processor records, payroll tax filings, form 1099s, income and expenses documentation.

55. In general, Borrowers calculated an amount to borrow by aggregating payroll costs from the previous 12 months for employees whose principal place of residence is the United States. Annual employee salaries are capped at $100,000. The borrower then calculated the average monthly payroll cost and multiplied that amount by a factor of 2.5.

56. On the PPP application, a representative of the borrower applying for PPP funds had to certify in good faith to a number of representations to the Federal Government. The very first certification on the application states, "The Applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC."

57. The next certification on the Application states, "Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant."

58. Applicants also "further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

59. Finally, all Applicants certify that they "understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18

USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000."

## ALLEGATIONS

60. Relator submitted a records request with the Texas Secretary of State seeking a list of names and other related information of all Texas entities formed after February 15, 2020.

61. In response, Relator obtained information identifying approximately 88,302 Texas entities formed between February 15, 2020 and June 30, 2020.

62. Texas -based entities who applied for and received at least $150,000 in PPP funds totaled approximately 52,150.

63. Relator then reviewed entities that were registered after February 15, 2020 that also applied for and received PPP funds.

64. As stated above, some Defendants were formed and became active after February 15, 2020 – and thus were not in operation on February 15, 2020.

65. Furthermore, upon information and belief, because said Defendants were registered after February 15, 2020, they could not have payroll expenses prior to February 15, 2020.

66. Regarding the "Double Dipper" Defendants, they each certified on their PPP applications that "[d]uring the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program."

67. Defendants thus made material misrepresentations on their applications for PPP funds, knowing lenders and the Federal Government would rely on said representations in paying PPP funds to Defendants.

68. Relator reserves the right to amend this Complaint and expand these allegations upon review of the actual applications and supporting documentation submitted by Defendants.

## False Claims Act
## 31 U.S.C. § 3729(a)(1)(A)-(B)

69. Relator realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

70. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, as amended.

71. By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the United States Government, or authorized agent of the United States Government, for payment or approval.

72. By virtue of the acts described above, Defendants knowingly made or used, or caused to be made or used, false or fraudulent records or statements material to false or fraudulent claims for payment by the Government.

73. Relator cannot at this time identify all of the false claims for payment that were caused by Defendants' conduct. The false claims were presented to third party lending institutions. Relator does not have access to the records of all such false or fraudulent statements or claims.

74. Lenders, acting on behalf of the Federal Government, were guaranteed 100% of the PPP loans. Said lenders were unaware of the falsity of the records, statements, and claims

made or caused to be made by Defendants. Said lenders paid the claims that would not be paid but for Defendants' illegal conduct.

75. By reason of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

76. Additionally, the United States is entitled to the maximum penalty of up to $11,000 for each and every violation arising from Defendants' unlawful conduct alleged herein.

## PRAYER

WHEREFORE, *qui tam* Plaintiff/Relator prays for judgment against each Defendant as follows:

1. That this Court enter judgment against each Defendant in an amount equal to three times the damages the United Sates has sustained because of Defendant's actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. § 3729;

2. That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

3. That Relator be awarded all costs of this action, including attorney's fees and expenses; and

4. That Relator recover such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Dated: 8/13/2020                    Respectfully submitted,

                                    /s/ _____
                                    James W. Christian
                                    *Counsel for Relator*

JS 44 (Rev. 09/19)                                         CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
United States of America Ex Rel Bryan Quesenberry

### DEFENDANTS
All Star Management Enterprise Services, et al.

**(b)** County of Residence of First Listed Plaintiff    Utah County, Utah
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Dallas County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED
AUG 25 2020
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James W. Christian
2302 Fannin Street, Suite 500
Houston, Texas 77002; 713-659-7617

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
☒ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☒ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 USC 3729
Brief description of cause:
False Claims Act for fraud committed with PPP funds

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                                     DOCKET NUMBER

DATE                SIGNATURE OF ATTORNEY OF RECORD
/s/ James W. Christian

**FOR OFFICE USE ONLY**
RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# CHRISTIAN
# SMITH & JEWELL

A REGISTERED LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AND COUNSELORS AT LAW

**James W. Christian,** *Attorney*
jchristian@csj-law.com

August 21, 2020



US District Court
Northern District of Texas
1100 Commerce St.
Dallas, Texas  75242

RE:   USA, ex rel. Bryan Quesenberry v All Star Management Enterprise Services, et al

Gentlemen:

Please see enclosed an original and one copy of the following for filing under seal:

Complaint for Violation of Federal False Claims Act;
Ex Parte Motion to File Complaint Under Seal;
Order Granting Ex Parte Motion; and
Cover Sheet

Also enclosed is our firm's check in the amount of $400.00. Please let us know if anything else is need or you have any questions.  Thank you for your assistance.

Very truly yours,

Christian, Smith & Jewell, LLP

*James W. Christian*

/nm
enclosures

---

2302 FANNIN, SUITE 500 ■ HOUSTON, TEXAS 77002       PHONE: (713) 659-7617 ■ FACSIMILE: (713) 659-7641